UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN BITZER,

    Plaintiff,

    v.      CAUSE NO.: 3:20-CV-342-JD-MGG

COMMISSIONER OF THE INDIANA
DEPT. OF CORRECTION, et al.,

    Defendants.

OPINION AND ORDER

John Bitzer, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Bitzer alleges that, in October 2019, he informed Caseworker Owens that he had issues with his cellmate, a high ranking gang member, and requested a move. On November 2, his cellmate sexually assaulted him. He notified

numerous correctional officials, but none of them responded.[1] On November 4, he moved to a new housing unit, and his counselor did not respond to his complaint. On November 7, he filed a formal report under the Prison Rape Elimination Act and received a medical examination. He then moved back into general population. On November 14, Investigator Johnson questioned Bitzer but found no threat to Bitzer's security or safety. He also informed Bitzer that he had questioned his former cellmate. Since that time, other inmates have threatened him at knifepoint, robbed, extorted, and physically assaulted him. He has reported these incidents to numerous correctional officials, including Warden Hyatte, but received no response. On January 22, 2020, he wrote to the Commissioner of the Indiana Department of Correction who referred him to internal affairs.

Bitzer asserts an Eighth Amendment failure to protect claim against the defendants. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*,

---

[1] In the complaint, Bitzer refers to some correctional officials by name but refers to other correctional officers solely by their position, e.g., internal affairs, caseworker, unit team manager. Though the context suggests that Bitzer may be referring to the defendants in some of these instances, the court cannot be certain and further declines to speculate as to which allegations relate to which defendants.

2

599 F.3d 749, 756 (7th Cir. 2010). In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Based on the allegations that Investigator Johnson, Warden Hyatte, and the Commissioner of the Indiana Department of Correction knew that other inmates had attacked him but refused to protect him, Bitzer states a plausible Eighth Amendment claim against these defendants. However, Bitzer's complaints as to Caseworker Owens predate the sexual assault and the incidents of inmate retaliation, and a generic complaint about issues with a cellmate would not convey to Mr. Owens that an inmate had specific concerns about his safety. Further, though Bitzer names Assistant Warden Hawk, Caseworker Holland, Unit Team Manager Miller, Counselor Tremaine, and Caseworker Snow, he does not reference them in the narrative portion of this complaint. Therefore, he may not proceed against these defendants.

Bitzer also asks for placement in a protective custody unit. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Consequently, Bitzer may proceed on an injunctive relief claim for the protective

3

measures to which he is entitled under the Eighth Amendment. Warden Hyatte is the proper defendant for this claim because he has both the authority and the responsibility to ensure that Bitzer receives adequate protection. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Further, because Bitzer describes an ongoing and substantial risk of bodily harm, the court construes the complaint as containing a motion for preliminary injunction.

For these reasons, the court:

(1) GRANTS John Bitzer leave to proceed on an Eighth Amendment claim for money damages against Investigator Johnson, Warden Hyatte, and the Commissioner of the Indiana Department of Correction for failing to protect him against attacks from other inmates at the Miami Correctional Facility;

(2) GRANTS John Bitzer leave to proceed on an injunctive relief claim against Warden Hyatte in his official capacity to obtain the protective measures from other inmates to which he is entitled under the Eighth Amendment;

(3) DISMISSES Caseworker Owens, Assistant Warden Hawk, Caseworker Holland, Unit Team Manager Miller, Counselor Tremaine, and Caseworker Snow;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Investigator Johnson, Warden Hyatte, and the Commissioner of the Indiana Department of Correction at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Investigator Johnson, Warden Hyatte, and the Commissioner of the Indiana Department of Correction respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which John Bitzer has been granted leave to proceed in this screening order; and

(7) ORDERS Warden Hyatte to file a response to the motion for a preliminary injunction by <u>May 8, 2020</u>.

SO ORDERED on April 30, 2020

       /s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT